# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

AUDREY A. STAHL, individually and as
personal representative of the Estate of Robert Stahl,

        Plaintiff,

    v.                                                               Case No. 08-CV-175

UNITED STATES OF AMERICA,

        Defendant.

_____

## ORDER

Plaintiff Audrey Stahl ("Stahl") brings a suit for medical malpractice against the United States ("the government") arising out of treatment that her deceased husband, Robert Stahl ("Mr. Stahl"), received at the Veteran's Administration Medical Center and Hospital. As part of the discovery process, the parties made their respective expert witness disclosures pursuant to the court's scheduling order. These disclosures led to the filing of three motions currently pending before the court: 1) a motion by the government to strike portions of Stahl's expert witness disclosures; 2) a motion by Stahl to name a rebuttal expert witness beyond the April 17, 2009 deadline for the close of discovery; and 3) a motion by the government to strike Stahl's beyond deadline designation of the rebuttal expert witness.

**I.    Expert Witness Disclosures**

Stahl submitted her expert witness list to the government on February 2, 2009, in compliance with this court's deadline for such disclosures. However, the

government objects to a portion of the disclosure and asks that the court strike the objectionable language and prohibit Stahl from submitting supplemental disclosures. The government seeks to strike the following portions of Stahl's expert witness disclosures:

> Additional expert opinions may be solicited from healthcare professionals identified as witnesses in this action, including but not limited to the testimony of the physicians and nurses who treated Mr. Stahl at and through the V.A. Medical Center, and Fort Atkinson Hospital. Opinions of some healthcare professionals have been provided in depositions taken to this point, with additional depositions to be completed throughout discovery. As much factual information is yet to be discovered at this point, additional expert opinions may be developed.
>
> Plaintiffs reserve the right to call all witnesses, including experts, identified in the witness list of any other party to this action.
>
> As discovery is continuing, this list may be supplemented, including but not limited to the identification of rebuttal witnesses.

(Pl.'s Expert Witness List, Docket #19, Ex. 1005). The government asserts that this language does not comply with Civil Local Rule 26.1, which requires the disclosure of "the substance of all expert witness evidence the party intends to present at trial, including expert witness evidence of hybrid fact/expert witnesses such as treating physicians." Civil L.R. 26.1(a). The rule also requires that expert testimony disclosures be in the "form of a written report" that "includes a statement of all opinions to be expressed and the basis and reasons therefor." Civil L.R. 26.1(b). The government asserts that Stahl's disclosure violates these provisions because it permits Stahl to elicit additional expert testimony from currently unnamed

healthcare professionals beyond the disclosure date and without providing written reports.

In response, Stahl first asserts that she does not intend to obtain expert opinion testimony from the emergency room doctor and two nurses from the V.A. Medical Center and Fort Atkinson Hospital who have already been deposed. Thus, the defendant's motion only applies to providers at the V.A. hospital. Regarding these providers, Stahl argues that her disclosure does not violate the local rule or case law because "it fits squarely within what is expected of a plaintiff in this type of action." (Pl.'s Resp. 1). Stahl argues that she may elicit opinion evidence from the healthcare providers at the V.A. hospital, who constitute witnesses, without a requirement that they provide opinion reports. Specifically, Stahl alleges that the rule requiring treating physicians to provide opinion reports was not meant to apply to situations such as the instant case – where providers are employees of the defendant party. Instead, she asserts that the rule is meant to allow defendants to learn about and evaluate the opinion of the plaintiff's treating physician without requiring the defendant to take an exhaustive deposition of that physician. Further, Stahl asserts that she must be allowed to ask opinion questions of these providers regarding causation and the standard of care provided because their conduct and treatment is at issue.

The government is concerned about the implications of Stahl's disclosure language and seeks to prohibit Stahl's future attempts to name "supplemental"

expert witnesses and to name such experts without providing opinion reports. Indeed, the disputed language seems to grant Stahl the unlimited ability to seek additional expert opinions without regard to the court's imposed deadline or the need to provide expert reports. Like the government, the court is concerned about the implications of Stahl's disclosure language. The disputed portions of Stahl's disclosures present several issues of concern.

First, the court's deadline for the plaintiff to make her expert witness disclosures was February 2, 2009, and the deadline for completion of discovery was April 17, 2009. Federal Rule of Civil Procedure 26(a)(2)(C) and Civil Local Rule 26.1(c) require that Stahl disclose her expert witnesses by those respective dates. The naming of additional expert witnesses beyond the court's discovery deadline requires the court's approval.

Second, expert witnesses must provide written reports, unless the expert is a treating physician whose testimony is limited to the facts of the injury and treatment. Federal Rule of Civil Procedure 26(a)(2)(B) requires that the disclosure of expert witnesses be accompanied by a written report setting forth, among other items, the opinions to be offered and the basis for those opinions. Such a report is not required when a treating physician testifies only about the nature and extent of the injury he or she observed and the treatment provided. *Griffith v. Northeast Illinois Regional Commuter R.R.*, 233 F.R.D. 513, 518-519 (7th Cir. 2006). However,

the treating physician cannot testify regarding causation without providing a report. *Id.* at 519.

Despite this requirement, Stahl seems to assert that she need not either disclose the V.A. providers as expert witnesses or obtain reports from these individuals, based on *Shurpit v. Brah*, 30 Wis.2d 388, 141 N.W.2d 266 (1966). She cites *Shurpit* for the proposition that a plaintiff must be allowed to solicit opinion testimony about standard of care and causation from a defendant whose conduct is in question. (Pl.'s Resp. 3). *Shurpit* addressed the question of whether a defendant treating physician who is testifying at trial must provide opinion testimony regarding the care he provided to the plaintiff. *Id.* at 388. In that case, the Wisconsin Supreme Court held that prohibiting cross-examination regarding the quality of care and treatment provided constituted error by the circuit court. *Id.* at 399-400.

However, *Shurpit* does not excuse Stahl from complying with the Federal or Local Rule requiring opinion reports. First, *Shurpit* addresses cross-examination of an expert witness and does not discuss opinion reports. Second, *Shurpit*'s statement that a medical witness must address his own standard of care on cross-examination only applies when that witness is alleged to have caused injury to the plaintiff by his own medical negligence. *Carney-Hayes v. Northwest Wis. Home Care, Inc.*, 2005 WI 118, ¶¶ 38, 42, 284 Wis. 2d 56, 82-84, 699 N.W.2d 524, 537-38. In the instant case, it is unclear to the court whether Stahl alleges that all of the

-5-

unnamed V.A. providers were negligent in treating Mr. Stahl, or if the allegedly negligent care was rendered only by some of the providers and not others.

Stahl also argues that she need not disclose the V.A. providers as expert witnesses or obtain reports from them because applying the requirements to cases such as her own was not "contemplated by the drafters of the rules." (Pl.'s Resp. 2). However, Stahl provides no authority for her claim that the rule does not apply because the conditions underlying its requirements are not present. Thus, the court sees no reason to uniformly suspend the applicable rules regarding expert witness disclosures in this case.

The court will strike the aforementioned portions of Stahl's disclosures because it suggests she may name additional experts without complying with the court's deadlines or providing required expert opinion reports. These actions do not comport with the general purpose of discovery, which is to avoid surprise and "trial by ambush." *Bell v. Columbia St. Mary's Hosp. Milwaukee, Inc.*, No. 07-CV-81, 2008 WL 163671, at *3 (E.D. Wis. Jan.16, 2008). Stahl has not provided convincing reasons for the court to allow a general exception to expert witness disclosure requirements in her case.

## II.     Rebuttal Expert Witness

Stahl has also filed her own motion seeking permission to name an expert rebuttal witness, Dr. Sanford Larson ("Dr. Larson"), to testify regarding the issue of whether Mr. Stahl's fracture distraction could have occurred spontaneously. Stahl

-6-

filed her motion on May 11, 2009, and first notified the government of her intent on May 7, 2009. (Crivello Aff., Docket #27, Ex. 5). Stahl seeks to use Dr. Larson's testimony to address testimony regarding spontaneous fracture by the government's expert, Dr. Richard Blonsky ("Dr. Blonsky"). Stahl argues that the court should allow her to designate Dr. Larson as a rebuttal witness because she named him within 30 days of Dr. Blonsky's April 15, 2009 deposition. Stahl's argument is based on Federal Rule of Civil Procedure 26(a)(2)(C), which requires a party to make expert rebuttal testimony disclosures within 30 days after the other party's expert testimony disclosure. Fed. R. Civ. P. 26(a)(2)(C)(ii). Though Stahl received Dr. Blonsky's medical report on March 27, 2009, she asserts that the date of Dr. Blonsky's deposition represents the date on which his spontaneous fracture opinion was "disclosed in detail." Thus, Stahl argues, April 15, 2009, is the appropriate date from which to run the 30-day period for naming rebuttal witnesses.

However, Stahl's argument is based upon an incorrect reading of the rule. The 30-day period allowed for disclosure of rebuttal expert witnesses is only the applicable deadline "[a]bsent a stipulation or court order." Fed. R. Civ. P. 26(a)(2)(C). The 30-day period merely represents a default in cases where no court order exists. In the instant case, however, there is a court order in place naming April 17, 2009, as the deadline for completion of discovery. Therefore, whether or not Stahl disclosed within 30 days is immaterial. Stahl's expert witness disclosure is undeniably late because she filed it three weeks after the court-imposed deadline.

-7-

Case 2:08-cv-00175-JPS   Filed 06/15/09   Page 7 of 9   Document 36

Beyond the issue of whether Stahl's disclosures are untimely, however, the court must also consider whether allowing her to name a rebuttal expert witness beyond the discovery deadline is appropriate. The government strongly objects to Stahl's late disclosure and urges this court to deny her motion to name Dr. Larson as a rebuttal expert. The government argues that the after-deadline disclosure causes prejudices because the government will incur fees to depose Dr. Larson – fees that would be unnecessary if Stahl had questioned her own expert witness, Dr. David Goldstein, regarding spontaneous fracture at his March 31, 2009 deposition instead of naming a separate rebuttal witness. However, the court disagrees that the government would be unduly prejudiced if Stahl is allowed to name her rebuttal expert witness at this point in the proceedings. First, the disclosure only subjects the government to a three week delay. Further, the government's claim regarding deposition fee savings requires that Stahl adopt a particular litigation strategy. It is true that if the court prohibits Stahl from designating Dr. Larson as a rebuttal expert based strictly on her beyond deadline disclosure, then the government need not depose Dr. Larson and will save the costs of doing so. However, the court does not credit the government's argument that Stahl should have questioned her existing expert, Dr. Goldstein, regarding spontaneous fracture during the government's deposition and obviated the need to name Dr. Larson or take his deposition. Parties are not required to adopt this strategy. Thus, Stahl may choose to name Dr. Larson

as a rebuttal expert witness in addition to naming Dr. Goldstein. The lateness of the filing is the only genuine prejudice posed by Stahl's motion.

The court acknowledges that its scheduling order did state that "no further extensions will be granted." However, the court will make this particular exception for the naming of one rebuttal witness to provide testimony regarding a discrete topic. The extension is only three weeks and the resulting prejudice is minimal.

Accordingly,

**IT IS ORDERED** that defendant's motion to strike portions of the plaintiff's expert witness disclosures (Docket #19) be and the same is hereby **GRANTED**; the previously cited portions are hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to permit the naming of Dr. Sanford Larson as a rebuttal witness (Docket #25) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to strike the plaintiff's designation of a rebuttal witness (Docket #24) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge